**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAXIMO REYES, | |
| Petitioner, | NO. 3:10-CV-1835 |
| v. | (JUDGE CAPUTO) |
| WILLIAM SCISM, | (MAGISTRATE JUDGE MANNION) |
| Respondent. | |

## MEMORANDUM

Before the Court is Magistrate Judge Mannion's report and recommendation ("R&R") (Doc. 22) on petitioner Reyes' petition for writ of habeas corpus under 28 U.S.C. § 2241. Mr. Reyes, proceeding *pro se*, claims that he is being held in violation of the Extradition Treaty between the United States and the Dominican Republic. Specifically, he argues: 1) the crimes he was convicted of are not enumerated in the Treaty (violating the "rule of specialty"); 2) he was convicted of a crime for which he was not extradited, nullifying his conviction; and 3) the prosecution committed fraud upon the court. In his response to an Order to Show Cause, Mr. Scism argued that relief under § 2241 requires a prisoner establish that, due to a subsequent change in statutory interpretation, he is actually innocent. In his R&R, Magistrate Judge Mannion recommended denial of the petition on consecutive filings and abuse-of-the-writ grounds. Mr. Reyes incorrectly argues, relying on pre-AEDPA case law, that the burden of demonstrating abuse-of-the-writ lies with the government. The Court will adopt the R&R because Mr. Reyes' petition violates the abuse-of-the-writ doctrine. More fundamentally, he is not claiming actual innocence, the only ground the Third Circuit has recognized for relief under § 2241.

**BACKGROUND**

An arrest warrant for Mr. Reyes was issued on March 7, 1991, out of the United States District Court for the Southern District of New York for racketeering, drug trafficking and related offenses. A second arrest warrant was issued on September 11, 1991, from the same court and for the same offenses.

On July 10, 1997, the Embassy of the United States made a request for the extradition of Mr. Reyes under the Treaty. The President of the Dominican Republic authorized Mr. Reyes' extradition by executive decree on August 12, 1997. On August 13, 1997, Mr. Reyes was transported to the United States and arrested. Mr. Reyes subsequently pleaded guilty to two counts of racketeering and conspiracy to commit murder and was sentenced to an aggregate term of thirty years in prison. Mr. Reyes did not appeal his conviction, nor did he challenge his conviction through a §2255 motion.

On August 13, 2001, Mr. Reyes filed a petition for a writ of mandamus to compel the United States Attorney's office to file an application for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. He also sought permission to file a motion pursuant to 28 U.S.C. § 2255 beyond the applicable one-year limitation period. On May 9, 2002, the United States District Court for the Southern District of New York denied Mr. Reyes's writ of mandamus and motion for permission to file a §2255 motion beyond the limitation period.

Mr. Reyes subsequently filed a motion pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure seeking to have the judgment in the Southern District of New York set aside claiming that the government perpetrated a fraud on the court by failing to disclose information regarding his deportation from the Dominican Republic. This motion

was denied by order dated November 10, 2008.

In the meantime, on August 8, 2007, Mr. Reyes filed a petition for a writ of habeas corpus in this District pursuant to §2241, alleging that he was unlawfully extradited in contravention of the Dominican Republic's national law. By report dated September 14, 2007, Magistrate Judge Mannion recommended that the petition be dismissed because Mr. Reyes lacked standing to bring the action and failed to present a cognizable claim. By memorandum and order dated November 8, 2007, the report was adopted by the Court and the petition dismissed. In addressing Mr. Reyes' objections to the report, the Court found that there was no merit to Mr. Reyes' argument that he was not tried for the crimes for which he was extradited in violation of Article IV of the Treaty and *United States v. Rauscher*, 119 U.S. 407, 420 (1886) (extradited individual could only be tried for specific offenses for which extradition was sought pursuant to "rule of specialty"). The Third Circuit summarily affirmed the Court's holding that neither the Treaty between the United States and the Dominican Republic nor Supreme Court precedent had been violated in Mr. Reyes's case.

Mr. Reyes filed a second §2241 petition on April 16, 2009, in which he claimed, as he had previously, that the doctrine of specialty was violated because he was not convicted on the charges for which he was originally extradited from the Dominican Republic. By memorandum and order dated November 18, 2009, the Court adopted the report and recommendation of Magistrate Judge Mannion and found that the petition was barred by the doctrine of *res judicata*.

Mr. Reyes filed the instant §2241 petition on August 31, 2010, in which he now claims that the crimes he was convicted of are not covered under the Treaty between the

United States and the Dominican Republic. Specifically, he states that the crimes he was convicted of "are not enumerated in the applicable extradition treaty, thus demolishing the Court's jurisdiction." Mr. Reyes also, once again, argues a violation of the "rule of specialty." Finally, he claims the prosecution perpetrated fraud upon the court in relation to the facts surrounding his extradition from the Dominican Republic.

A response to the petition was filed on February 28, 2011. Respondent argues that the court should dismiss the petition because Mr. Reyes cannot challenge his conviction and federal sentence via a §2241 habeas petition. Mr. Reyes filed a traverse as well as an objection to the Magistrate Judge's R&R.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at

7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Mr. Reyes' petition will be dismissed because it violates the abuse-of-the-writ doctrine, and because Third Circuit has held that relief under § 2241 is only available to prisoners who demonstrate actual innocence due to a subsequent change in statutory interpretation.

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. *See Davis v. United States*, 417 U.S. 333, 343(1974). A "safety valve" provision allows challenges to a conviction or sentence in certain narrow circumstances via the federal courts' § 2241 jurisdiction when a prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). The safety valve provision was not amended by AEDPA. Section 2241 states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).

In *In re Dorsainvil*, the Third Circuit interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). In that case, the appellant was in the "unusual position" of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with

retroactive application. *Id.* The Third Circuit therefore allowed the § 2241 petition to go forward since a subsequent change of law made the conduct the appellant was convicted of no longer criminal. *Dorsainvil*, 119 F.3d at 251-52. In the narrow circumstances the appellant in that case faced, the *Dorsainvil* court held that § 2255 was inadequate to test the legality of his detention. *Id.* at 251.

Section 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes the procedural and substantive requirements which govern "second or successive" habeas petitions. *See In re Minarik*, 166 F.3d 591, 599-600 (3d Cir.1999). As a procedural matter, § 2244(b)(3)(A) establishes a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements. 28 U.S.C. § 2244(b)(3)(D).

The Third Circuit has noted that § 2241 petitions are not subject to the gatekeeping mechanism of § 2244(b). In other words, a petitioner need not seek permission from a court of appeals before filing a second or successive § 2241 petition. *See Zayas v. INS*, 311 F.3d 247, 255 (3d Cir.2002). However, the Third Circuit has also recognized that the "abuse-of-the-writ" doctrine applies to section 2241 petitions. The "abuse-of-the-writ" doctrine bar claims that could have been raised in an earlier habeas corpus petition. *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991). Thus, a subsequent petition that

challenges the administration of a sentence is clearly not a "second or successive" petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition. *See Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir.2003). But a petitioner may not raise new claims that could have been resolved in a previous action. *Zayas*, 311 F.3d at 257.

> [T]he provisions of § 2244(b) refer specifically to claims presented in a second or successive habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and therefore do not apply to a petition filed pursuant to § 2241. However, § 2244(a), as set forth in the margin, does not reference § 2254, and thus by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United State s.

*Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (internal citations omitted).

Here, Mr. Reyes' petition violates the "abuse-of-the-writ" doctrine. His petition contains three arguments: 1) the crimes he was convicted of are not enumerated in the treaty; 2) he was convicted of a crime for which he was not extradited (violating the "rule of specialty"); and 3) the prosecution committed fraud upon the court. He has previously raised (2) and *could* have raised (1) and (3) before but failed to. While he dwells at length in his brief on delays in the government's response to his information requests, these delays do not explain this failure. More fundamentally, relief under § 2241 is typically only available where a subsequent statutory interpretation reveals that a prisoner's conduct is no longer criminal. Mr. Reyes is not claiming that here. For these reasons, the R&R will be adopted and the petition denied.

## CONCLUSION

The Court will adopt the Magistrate Judge's R&R and dismiss Mr. Reyes' application. An appropriate order follows

| | |
|---|---|
| 6/1/12 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAXIMO REYES, | |
| Petitioner, | NO. 3:10-CV-1835 |
| v. | (JUDGE CAPUTO) |
| WILLIAM SCISM, | |
| Respondent. | (MAGISTRATE JUDGE MANNION) |

**ORDER**

**NOW**, this   6th   day of January, 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's R&R (Doc. 22) is **ADOPTED**.  Mr. Reyes' petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.   The Clerk of Court is directed to mark the case as **CLOSED**.

 /s/ A. Richard Caputo  
 A. Richard Caputo  
 United States District Judge