**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MAXIMO REYES,

    Petitioner,

        v.

WILLIAM SCISM,

    Respondent.

NO. 3:10-CV-1835

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Maximo Reyes' Motion for Leave to Appeal *In Forma Pauperis* (Doc. 27). Mr. Reyes, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus claiming that he is being held in violation of the Extradition Treaty between the United States and the Dominican Republic. The Court dismissed the petition on January 6, 2012. Now, Mr. Reyes seeks leave to appeal the ruling *in forma pauperis*. Specifically, Mr. Reyes argues: (1) the crimes he was convicted of are not enumerated in the Treaty (violating the "rule of specialty"); (2) he was convicted of a crime for which he was not extradited, nullifying his conviction; and (3) the prosecution committed fraud upon the court. Because Mr. Reyes' appeal is not taken in good faith, the Motion for Leave to Appeal *In Forma Pauperis* will be denied.

## BACKGROUND

In 1991, two arrest warrants were issued for Mr. Reyes out of the United States District Court for the Southern District of New York. In 1997, the Embassy of the United States made a request for the extradition of Mr. Reyes under the Treaty. Shortly thereafter, the President of the Dominican Republic authorized Mr. Reyes' extradition and Mr. Reyes was transported to the United States and arrested. Mr. Reyes subsequently

pleaded guilty to two counts of racketeering and conspiracy to commit murder and was sentenced to an aggregate term of thirty years in prison.  Mr. Reyes did not appeal his conviction, nor did he challenge his conviction through a § 2255 motion.

In 2001, Mr. Reyes filed a petition for a writ of mandamus to compel the United States Attorney's office to file an application for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.  He also sought permission to file a motion pursuant to 28 U.S.C. § 2255 beyond the applicable one-year limitation period. The United States District Court for the Southern District of New York denied Mr. Reyes' writ and motion.  Mr. Reyes also filed a motion pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure seeking to have the judgment in the Southern District of New York set aside.  This motion was denied.

In the meantime, Mr. Reyes began a systematic pattern of petitioning this Court for habeas relief.  In 2007, Mr. Reyes filed a petition for a writ of habeas corpus in this District pursuant to § 2241 alleging that he was unlawfully extradited in contravention of the Dominican Republic's national law.  The Court dismissed Mr. Reyes' petition.  In particular, the Court found that there was no merit to Mr. Reyes' argument that he was not tried for the crimes for which he was extradited in violation of Article IV of the Treaty and *United States v. Rauscher*, 119 U.S. 407, 420 (1886) (extradited individual could only be tried for specific offenses for which extradition was sought pursuant to "rule of specialty"). The Third Circuit summarily affirmed the Court's holding that neither the Treaty between the United States and the Dominican Republic nor Supreme Court precedent had been violated in Mr. Reyes' case.

Mr. Reyes filed a second § 2241 petition in this District on April 16, 2009, in which

2

he claimed, as he had previously, that the doctrine of specialty was violated because he was not convicted on the charges for which he was originally extradited from the Dominican Republic.  The Court concluded that the petition was barred by the doctrine of *res judicata*.

Mr. Reyes filed a third § 2241 petition in this District on August 31, 2010.  Mr. Reyes asserted that the crimes he was convicted of were not covered under the Treaty between the United States and the Dominican Republic, that he was convicted of a crime for which he was not extradited, and that the prosecution committed fraud on the court. On January 6, 2012, Mr. Reyes' third § 2241 petition was dismissed for violation of the "abuse-of-the-writ" doctrine (Doc. 24).

Mr. Reyes subsequently filed a Notice of Appeal on January 17, 2012 (Doc. 25). The Notice of Appeal filed by Mr. Reyes reasserts the three arguments raised in his third § 2241 petition.  On February 6, 2012, Mr. Reyes filed a Motion for Leave to Appeal *In Forma Pauperis* (Doc. 27).  Attached to the motion for *in forma pauperis* (IFP) status is an Affidavit prepared by Mr. Reyes. *See id*.  The Affidavit shows Mr. Reyes has a monthly income of $261.00 and an inmate account balance of $2,270.42 as of February 1, 2012. *See id*.  The Affidavit also claims Mr. Reyes is entitled to redress. *See id*.  Lastly, while the Affidavit does not identify any "issues on Appeal," the Court will treat the "issues on Appeal" as those grounds identified in the Notice of Appeal (Doc. 25).

## DISCUSSION

A litigant who wishes to proceed IFP in the court of appeals must comply with 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure.  *See* 28 U.S.C.

§ 1915; Fed. R. App. P. 24.  Rule 24 requires that a party seeking IFP status file a motion in the district court and "attach an affidavit that: (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).  If the district court denies an IFP motion, the court must set forth its reasons in writing. *See* Fed. R. App. P. 24(a)(2).

However, even if a litigant satisfies the requirements of Rule 24(a)(1), a district court should deny IFP status when the appeal is taken in bad faith. *See* 28 U.S.C. § 1915(a)(3).  28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id*.  "Good faith" for purposes of 28 U.S.C. § 1915(a)(3) does not mean "good faith from [the petitioner's] subjective point of view." *Coppedge v. United States*, 369 U.S. 438, 444, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  Instead, "'good faith' in this context must be judged by an objective standard. . . . [A] defendant's good faith in this type of case [is] demonstrated when [the petitioner] seeks appellate review of ***any issue not frivolous***." *Coppedge*, 369 U.S. at 445 (emphasis added).  "An appeal is frivolous where none of the legal points is arguable on the merits." *Muhammad El Ali v. Vitti*, 218 Fed. Appx. 161, 163 (3d Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.E. 2d 338 (1989)).

Mr. Reyes' motion for IFP status satisfies the requirements of Federal Rule of Appellate Procedure 24.  Here, the Affidavit attached to Mr. Reyes' motion demonstrates that he lacks the ability, or would suffer sufficient hardship, if he was required to pay the necessary filing fees.  Mr. Reyes' Affidavit similarly claims an entitlement to redress.

Lastly, while Mr. Reyes does not set forth his "issues on Appeal," the Notice of Appeal (Doc. 25) sufficiently identifies the issues Mr. Reyes intends to argue on appeal. *Cf. McKinsey v. Cain*, No. 09-7729, 2011 WL 2945812 (E.D. La. July 15, 2011) (denying petitioner IFP status where the "motion *and* notice of appeal contain no indication of the issues that [petitioner] intend[ed] to present on appeal"); *Smith v. Sch. Bd. of Brevard Cty.*, No. 6:07-cv-2033, 2010 WL 2026071 (M.D. Fla. May 20, 2010) (denying petition to proceed IFP because motion *and* notice of appeal failed to identify legal issues petitioner would advance on appeal) (emphasis added).

Even though Mr. Reyes' motion and Affidavit sufficiently comply with the technical requirements set forth in Rule 24, Mr. Reyes' motion for IFP status will be denied because his appeal is not taken in good faith.  Mr. Reyes' motion requests IFP status to proceed on appeal for virtually identical issues that have previously been rejected by the Court twice- in 2007 and 2009.  The instant petition is premised on Mr. Reyes' argument that his conviction violates the "rule of specialty."  As this argument has already been dismissed twice by the Court and summarily affirmed once by the Third Circuit, this basis for relief is frivolous and without legal merit. *See Vitti*, 218 Fed. Appx. at 163.

Mr. Reyes' remaining issues for appeal are also frivolous.  Mr. Reyes already filed two previous habeas petitions before commencing this action.  Neither petition asserted that the crimes Mr. Reyes was convicted of are not enumerated in the relevant extradition treaty or that the prosecution committed fraud upon the court.  Because petitioners are barred by the "abuse-of-the-writ" doctrine from raising arguments in subsequent petitions that could have, but were not, raised in the first action, Mr. Reyes does not assert any

legally arguable points on the merits.  *See Vitti*, 218 Fed. Appx. at 163; *see also Zayas v. INS*, 311 F.3d 247, 255 (3d Cir. 2002) (petitioner may not raise new claims that could have been resolved in previous actions).  Mr. Reyes' appeal is therefore certified as "not taken in good faith." 28 U.S.C. § 1915(a)(3); *see, e.g., Francis v. Joint Force Headquarters Nat'l Guard*, No. 05-4882, 2009 WL 387899, *4 (D. N.J. Feb. 13, 2009) (District Judge Simandle certifying appeal not taken in good faith); *United States v. Winans*, No. 85-379-03, 1988 WL 122410, at *3 (E.D. Pa. Nov. 9, 1988) (District Judge Newcomer certifying appeal not taken in good faith).

### CONCLUSION

For the reasons stated above, Mr. Reyes' Motion for Leave to Appeal *In Forma Pauperis* will be denied.

An appropriate order follows.

 March 6, 2012                                       /s/ A. Richard Caputo
Date                                                 A. Richard Caputo
                                                     United States District Judge